**Peter Milton JOSEPH, Plaintiff–Appellant,**

v.

**Alvin BROOKS, Defendant–Appellee.**

**No. 04–1597.**

United States Court of Appeals, Seventh Circuit.

Submitted Nov. 2, 2004.*

Decided Dec. 2, 2004.

---

Peter M. Joseph, Chicago, IL, pro se.

William Darling, Chicago, IL, for Defendant–Appellee.

Before Hon. WILLIAM J. BAUER, Hon. RICHARD A. POSNER, and Hon. FRANK H. EASTERBROOK, Circuit Judges.

### ORDER

Peter Joseph filed a complaint in an Illinois circuit court against his attorney, Alvin Brooks, accusing him of fraud in connection with the sale of residential property, namely for failing to inform him that he had to pay capital gains tax. The circuit court dismissed the complaint, the Illinois Appellate Court affirmed, and the Illinois Supreme Court denied Joseph leave to appeal. Joseph then filed a complaint in the district court, again alleging fraud but asserting federal jurisdiction under 12 U.S.C. §§ 1441, 1451, and 1455— provisions of the U.S.Code that govern the Federal Home Loan Mortgage Corporation (FHLMC). Brooks moved to dismiss the complaint for lack of subject matter jurisdiction. The district court granted the motion, noting that the statutes cited by Joseph deal exclusively with the FHLMC, not individuals, and do not govern the purchase and sale of mortgages generally or by any party other than the FHLMC.

On appeal Joseph reiterates generally that the federal statutes he cites confer

---

* Because appellee Brooks failed to file an appellate brief or respond to this court's rule to show cause why this appeal should not be submitted for decision without a brief from him, this appeal is submitted on Joseph's brief and the record. Cir. R. 31(d). After an examination of the brief and record, we have concluded that oral argument is unnecessary in this case. *See* Fed. R.App. P. 34(a)(2).

federal question jurisdiction. He seems to believe that because his property was purchased with loans somehow related to the FHLMC, the federal statutes to which he points apply to his claims against Brooks. He is mistaken. The cited statutes concern only the FHLMC and not individuals; indeed, under the provisions of that chapter of the U.S.Code, federal district courts have original jurisdiction of actions only if the FHLMC "is a party." 12 U.S.C. § 1452(f)(2); *see, e.g., Fed. Home Loan Mortgage Corp. v. Scottsdale Ins. Co.,* 316 F.3d 431, 437 n. 3 (3d Cir.2003).

AFFIRMED.